IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENITO PARRAS MARTINEZ, § | | |
| TDCJ #566834, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-2387 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## MEMORANDUM AND ORDER

The petitioner, Benito Parras Martinez, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Martinez has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles to deny his early release on parole. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petition names Doug Dretke as the respondent. On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

**I.     BACKGROUND**

Martinez indicates that he was convicted of murder on September 5, 1990, and sentenced to twenty-five years' imprisonment by the 347th District Court of Nueces County, Texas, in cause number 89-CR-1589-H.  That conviction was reportedly affirmed by an intermediate court of appeals.  Martinez does not challenge his underlying conviction in this federal habeas corpus proceeding.

The federal habeas corpus petition filed by Martinez, which is dated July 12, 2006, challenges a decision by the Texas Board of Pardons and Paroles to deny his early release on parole.  His sole ground for relief is that he was denied early release on parole in violation of the right to due process because he was denied a "meaningful opportunity" to be heard.  Martinez alleges that he challenged the decision in a state application for habeas corpus relief, which the Texas Court of Criminal Appeals denied on May 24, 2006.  *See Ex parte Martinez*, No. 25,868-02.  Because the petitioner's claim fails as a matter of law, the Court denies federal habeas corpus relief for reasons discussed briefly below.

**II.    DISCUSSION**

According to Martinez, the Texas Court of Criminal Appeals rejected his due process claim on state habeas corpus review.  Because this was an adjudication on the merits, he is not entitled to federal habeas corpus relief unless the state court's conclusion:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000). Even under the liberal construction accorded to *pro se* litigants, the petitioner in this case falls far short of meeting this standard. In that regard, he has not established that he is entitled to federal habeas corpus relief on the merits of his claims.

As a preliminary matter, Martinez complains that he was denied due process because he was denied a "meaningful opportunity" to be heard in connection with a parole proceeding. Martinez has submitted a brief in support of his petition, but he provides no details in support of his claim. In that respect, he does not explain how he was denied an opportunity to be heard or suggest what he would have presented to the parole board if such an opportunity had been available. Thus, his petition is completely conclusory.

It is true that *pro se* petitions for collateral review are entitled to a liberal construction. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Martinez does not otherwise show that his right to due process was violated.

The essence of the sole ground for relief raised by Martinez is that he was denied parole without due process. Martinez cannot show that he is entitled to relief under the Due Process Clause. In that respect, it is well established that "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.) (citing *Olim v. Wakinekona*, 451 U.S. 238, 250-51 (1983); *Jago v. Van Curen*, 454 U.S. 14, 16-18 (1981); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Jay v. Boyd*, 351 U.S. 345, 352-61 (1956)), *cert. denied*, 522 U.S. 995 (1997).

The Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *Gilbertson v. Texas*

4

*Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993) (same); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991) (same). State prisoners in Texas "have no protected liberty interest in parole." *Johnson*, 110 F.3d at 308. Therefore, allegations such as those raised by the petitioner, which merely allege that the denial of parole without procedural due process, "simply do not assert a federal constitutional violation." *Id.*

Having no constitutionally protected right, an inmate cannot state "a claim for either civil rights or habeas relief by his allegation that he was denied due process [when seeking parole] because he has no constitutionally protected expectancy of release." *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Based on the foregoing, the Court concludes that the petitioner has not met his burden to demonstrate that the state habeas corpus court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Therefore, the petitioner is not entitled to federal habeas relief on his claim that the parole board violated his right to due process by denying him release on parole.

### III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional

prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has

6

stated a valid claim. Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

## IV. <u>CONCLUSION AND ORDER</u>

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 25, 2006.**

_____
Nancy F. Atlas
United States District Judge